WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—April, 1887.

DE LAMATER *v.* HAVENS.

*In the matter of the estate of* HIRAM HAVENS, *deceased.*

A Surrogate's court has no power to disregard, relax or extend the operation of any of the General Rules of Practice.

The provision of General Rule 2, that "all papers served or filed must be indorsed or subscribed with the name of the attorney or attorneys, and his or their office address, or place of business," is sufficiently complied with, in the case of a notice of entry of a decree, where the name of the attorney subscribed to the notice is followed by the designation of a locality which is in fact his office, although not in terms described as such, or as his "place of business."

Further time to serve a case on appeal cannot be granted, after the period within which such service may be made has fully elapsed.

THE will of Hiram Havens, deceased, was admitted to probate, and a decree to that effect duly entered, on December 15th, 1886. A copy of the decree, with this notice endorsed thereon :

"Sir, Please to take notice that the within is a copy of an order this day duly made and entered and filed in the office of the Westchester county Surrogate

Dated 15th Dec., 1886.     LEXOW & HALDANE,
atty's for Mary P. De Lamater, exr'x.,
etc., 46 Exchange Place, New York."

was served on the attorney for the contestants, and due service thereof and of the notice, admitted by him, in writing, on the 17th of the same month. The attorney for the contestants filed and served a notice of

appeal within the time limited by the statute, but failed to serve a proposed case and exceptions until the 7th of March 1887, the time to secure the same not having been extended by the court, nor by stipulation. They were returned the same day, with reasons given. No undertaking on appeal had been filed. A motion was now made to settle the case, and requests to find were presented by contestant. The motion was resisted on the ground that it was too late.

SMITH LENT, *for the motion.*

LEXOW & HALDANE, *opposed.*

THE SURROGATE.—The counsel for the appellant claims that he served the case in time, for the reason that his time was not limited, because of the failure of the counsel for the executrix to state their post office address, or place of business, in the notice endorsed on the copy decree served. Rule 32, of the General Rules of the Supreme court, provides that a copy of the case and exceptions shall be served " in the Surrogate's court within ten days after service of a copy of the decree or order, and notice of the entry thereof." It also provides that " the Surrogate, on appeals from his court may, by order, allow further time for the doing of any of the acts above provided to be done on such appeals." As this court never allowed further time to serve a case, in this instance, and has no power to grant such time after the period within which it may be done has fully elapsed, it would seem that, under Rule 33, the service of such case must be deemed to have been abandoned.

The only question, therefore, appears to be whether

proper notice of the entry of the decree was given in December last. Under Rule 2, such a notice must be subscribed with the names of the attorneys and their office address, or place of business. The notice here was subscribed by the attorneys, and their office address was written thereunder, as being " 46 Exchange Place, New York." In this, it seems to me, they fully complied with the Rule. It is not disputed that the above is their office address. The Rule does not require that the words " office address," or " place of business," as the case may be, shall be written under the names of the attorneys, but that the address shall be written as it was in this instance. Doubtless, the reason why the rule is in the alternative is to meet the case of a layman appearing as his own attorney. The lawyer is to give his office address, and the layman his place of business.

As has been stated, the Rule prescribes the time within which a copy of the proposed case and exceptions is required to be served. The Supreme court has power to establish such a rule of practice for this court (Code Civ. Pro., §§ 2545, 997); but it is quite clear that this court, recognizing such rule as binding, must be guided solely by it, and has no power to disregard, relax, or extend its operation, as that court may do in regard to its own rules. If the appellant consider himself entitled to relief, he should apply to the appellate court, at special term (Redf. Surr. Prac., 3rd ed., 807).

However much it may be a subject of regret that the attorney for the appellant is placed in this position,

I do not feel at liberty to extend the rules beyond what I consider to be their true limitations.

Order accordingly.